UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| YOVANA DE LA CRUZ BEJARANO,<br><br>           Petitioner,<br><br>    v.<br><br>Timothy S. ROBBINS, Field Office Director of the Los Angeles Field Office of U.S. Immigration and Customs enforcement; Todd M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, Kristi NOEM, Secretary of the U.S. Department of Homeland Security, Christopher CHESTNUT, Warden, California City Corrections Center, and Pamela BONDI, Attorney General of the United States,<br><br>           Defendant. | No. 1:25-cv-01537 WBS CKD<br><br><u>MEMORANDUM AND ORDER RE:<br>PETITIONER'S MOTION FOR<br>TEMPORARY RESTRAINING ORDER</u> |

----oo0oo----

I.   <u>Background</u>

       Before the court is petitioner Yovana De La Cruz

1

Bejarano's motion for a temporary restraining order.  Petitioner asks the court to order her immediate release from custody on the grounds that her detention violates the Due Process Clause.  (Docket No. 2 at 12.)

Petitioner arrived in the United States on or around June 17, 2023.  (Id. at 2.)  She was detained by Border Patrol agents, and she informed the agents that she was a citizen of Peru and did not have documents allowing her to enter or remain in the United States legally.  (Docket No. 8 at 2.)

On July 7, 2023, Immigration & Customs Enforcement ("ICE") authorized petitioner's parole for a one-year term.  (Id.)  Her parole was conditioned on, among other things, reporting for scheduled appointments as directed by ICE.  (Id. at 2-3.)  Petitioner missed two such appointments.  (Id. at 3.)

Petitioner was arrested in Modesto, California, for second degree burglary and criminal conspiracy on December 14, 2024, but her charges were dismissed by the Stanislaus County Superior Court on January 17, 2025.  (Id.)

On October 23, 2025, petitioner, upon instruction, appeared at the ICE office in Stockton, California.  (Id.)  Upon doing so, she was detained by ICE officials, due to her arrest and failure to comply with her parole conditions.  (Id.)

On November 11, 2025, petitioner filed the instant motion for a temporary restraining order.  (See Docket No. 2.)

At oral argument, the parties appeared to agree that 8 U.S.C. § 1225(b)(1)(B)(ii) governs petitioner's detention.  Accordingly, the sole question before the court is whether

2

petitioner is entitled to immediate release from detention on the grounds that her detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii) violates the procedural protections conferred by the Due Process Clause.

II. Discussion

"The standard for a [temporary restraining order] is the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The last two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).

    a. Due Process Claim

        i. Likelihood of Success on the Merits

Petitioner argues that her detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii) violates due process because she was detained without a hearing. Neither party addresses whether petitioner was denied substantive due process; the sole issue is whether petitioner was denied procedural due process.

Petitioner has failed to establish that she is likely to succeed on the merits of her procedural due process claim.

3

She has been on parole in the United States pending determination of her admissibility, and she has not effected an "entry" into the United States.  See, e.g., Leng May Ma v. Barber, 357 U.S. 185, 188-90 (1958) (finding noncitizen "paroled" into United States pending admissibility determination had not "entered" United States); Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 139 (2020) ("[A]liens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." (citation modified)); Barrera-Echavarria v. Rison, 44 F.3d 1441, 1450 (9th Cir. 1995) ("Although aliens seeking admission into the United States may physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country." (citation modified)).

Accordingly, "the procedure authorized by Congress" in 8 U.S.C. § 1225(b)(1)(B)(ii) constitutes procedural "due process" as far as petitioner is concerned. Shaughnessy, 345 U.S. at 212; see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same). And because 8 U.S.C. § 1225(b)(1)(B)(ii) does not "say[] anything whatsoever about bond hearings," petitioner is not entitled to one.  Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).

4

       Because petitioner has failed to demonstrate a likelihood of success on the merits of her due process claim, the court "need not consider the other [preliminary injunction] factors." California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

       IT IS HEREBY ORDERED that petitioner's motion for a temporary restraining order (Docket No. 2) be, and the same hereby is, DENIED.

Dated:  November 14, 2025

_(signature)_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE